UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
*************************
ELAINE L. CHAO, Secretary of Labor,    *
 United States Department of Labor,    *
                                       *
              Plaintiff,               *
                                       *       CIVIL ACTION
        v.                             *
                                       *       FILE NO. 04-11310 NG
LE INC., LE & PHAM INC.,               *
LE CAFÉ INC., LE & T INC.,             *
PHO PASTEUR INC., and DUYEN LE,        *
                                       *
              Defendants.              *
*****************************
```

### RESPONSE TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

**1. NATURE OF CASE**

This action is brought to enjoin defendants from violating the Fair Labor Standards Act of 1938, (29 USC §201, *et seq.* "the FLSA"), and to recover unpaid wages and liquidated damages. Defendants operate a chain of five separately incorporated restaurants, all doing business under the name of Pho Pasteur. All are owned by individual defendant Duyen Le. Their annual dollar volume of business is well in excess of $1 million per year.

An investigation by plaintiff in 2003 determined that defendants' kitchen workers and wait staff were not paid overtime for hours of work over forty per week. Wait staff were paid on an hourly basis, at straight time. Kitchen staff were paid bi-weekly, on a salary basis, with the defendants' records generally showing no more than forty hours per

week. The kitchen workers' pay for hours under forty per week came by check, through a payroll service. The kitchen workers were paid for their other hours in cash, delivered in envelopes, at straight time. Wait staff and kitchen employees regularly worked over fifty and sixty hours per week.

When questioned, Defendant Le originally misrepresented to the investigators that no employees worked overtime. Le subsequently admitted, at a November 25, 2003 meeting, that he in fact had a log which contained a record of the straight time cash payments he had made to compensate the hours above forty per week not shown on the payroll records. Le agreed to pay the overtime back wages due his employees. He has now apparently decided to seek refuge instead under an interpretation of the Commerce Clause of the Constitution which has been discredited for over sixty years.[1]

## 2. DEFENDANTS ARE SUBJECT TO FLSA ENTERPRISE COVERAGE

Plaintiff's complaint alleges that defendants were subject to "enterprise" coverage, added to the FLSA by amendment in 1961. 29 U.S.C §203 (3). This watershed 1961 change to the FLSA brings within the Act's coverage, among others, employees of enterprises which do over $500,000 in business per year, exclusive of certain taxes, and which have two or more employees engaged in "handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 USC §203(s) (1). The constitutionality of enterprise coverage was explicitly approved by the Supreme Court in *Maryland v. Wirtz*, 88 S. Ct. 2017, 2020-2022, 392 U.S. 183, 188-193 (1968). While the application of the FLSA to activities of

---

[1] *United States v. Darby*, 312 100, 61 S. Ct. 451 (1941), citing the dissent of Justice Holmes in *Hammer v. Dagenhart*, 247 U.S. 251, 38 S. Ct. 529 (1918). As noted by *Darby, supra,* at 61 S. Ct. 458, "*Hammer v. Daggenhart* has not been followed."

2

state governments, as in *Wirtz,* has had a checkered history[2], the constitutionality of Section 3 (s) as applied to private commercial businesses is, as explained in *Wirtz,* not open to serious doubt. Defendants cite numerous pre-1961 FLSA cases to suggest that they are not covered under the FLSA. Those cases predate 29 U.S.C. §203(s) (1) and are totally irrelevant. Defendants cite not a single post-1961 decision by any court at any level anywhere in the country throwing into doubt the applicability of enterprise coverage to their business. The enterprise coverage language has been further refined since *Wirtz* to remove any doubts whatsoever as to the covered status of businesses such as defendants'. See extensive discussion at *Donovan v. Scoles,* 652 F.2d 16 (9th Cir. 1981), *cert. denied* 455 U.S. 920, 102 S. Ct. 1276.

The case law supporting plaintiff's position is overwhelming and unchallenged. "...[I]t is well established that local business activities fall within the FLSA when an enterprise employs workers who handle goods or materials that have moved or have been produced in interstate commerce." *Brock v. Hamad,* 867 F.2d 804, 807-808, (4th Cir. 1989); *Donovan v. Pointon,* 717 F.2d 1320 (10th Cir., 1983), *appeal dismissed, cert. denied* 104 S. Ct. 1902, *Marshall v. Brunner,* 668 F.2d 748 (3rd. Cir. 1982), *cert. denied* 466 U.S. 934; *Brennan v. Dillon,* 483 F.2d 1334, 1337 (10th Cir. 1973); *Brennan v. Hatton,* 474 F.2d 9 (5th Cir. 1973); *cert. denied* 94 S. Ct. 132, 414 U.S. 826); *Wirtz v. Melos Construction Corp.,* 408 F.2d 626, 629 (2nd Cir. 1969).

Defendants' restaurants offer a Vietnamese menu. Their kitchen employees and wait staff regularly handle a wide variety of food products that have been produced for and shipped in commerce. Enterprise coverage under 29 U.S.C. §203(s)(1) requires only

---

[2] (See *Maryland v. Wirtz, supra,* then *National League of Cities v. Usery* 96 S. Ct. 2465, 426 U.S. 833 (1976), then *Garcia v. San Antonio Metro Transit Authority,* 105 S. Ct. 1005, 469 U.S. 528 (1985), then *Alden v. Maine,* 119 S. Ct. 2240, 527 U.S. 706 (1999).

two employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person."

Neither Defendants' Motion nor the attached affidavit of Defendant Le denies directly that employees regularly handle, sell, and work with food products that were shipped into Massachusetts. They seek, instead, to evade. On the critical issue of the origin of the food products handled, sold, and worked with by his employees, Le says only that "I purchase vegetables locally from Lunfat, Inc." Affidavit, at 11. Lunfat, Inc. is not identified in the affidavit. One Lunfat, found on the internet, is located at 227 Harrison Avenue in Boston. At that location, bags of onions and crates of lettuce recently visible toward the front of the establishment were labeled as produce of New Jersey and California.

The only other statement made by Le as to sources of his restaurant supplies is likewise of no significance: "...I purchase also purchase (sic) my poultry and meat products locally from S.M. Sneider Co." Pho Pasteurs' menus feature multiple beef, pork, and chicken selections. That defendants purchase from S.M. Sneider Co. tells the court exactly nothing about where this beef, pork, and chicken originates. Certainly beef, pork, and poultry are not among Massachusetts' most notable agricultural products.

Defendants advertise and promote their restaurants at www.phopasteur.us. Though defendants' menus feature shrimp, scallops, squid, catfish, salmon, and soft shell crab, Defendant Le's affidavit tells the court nothing about where these seafood products originate. Other Pho Pasteur menu items are not renowned as products of Massachusetts: noodles, rice, frogs' legs, quail, sugar cane, tofu, lime, water chestnut flour, ginger, lemongrass, peanut products, pepper, soy sauce, pineapple, coconut juice, coffee and tea.

Some items are specifically identified on the website menu by place of origin: wine from Australia, Italy, Chile, France, California and Oregon, as well as Vietnamese, Chinese, and Dutch beer.

The case law cited above, which defendants so studiously ignore, establishes as black letter law that given a qualifying dollar volume of business, two or more employees handling and otherwise working with even modest amounts of goods which have been shipped in interstate commerce confers enterprise coverage under the FLSA.

### 3. MOTION FOR MORE DEFINITE STATEMENT – "MERE NOTICE PLEADING"

Defendants allege, at page 7 of their Motion, that:

> In the instant matter, the U.S. Department of Labor, has merely filed a notice pleading but it has not provided any flesh, bones or blood to its allegations: There are no facts pled which would show that the Court, by virtue of what specific defendants actions, it has subject-matter jurisdiction.

Rule 8(a) of the Federal Rules of Civil Procedure requires only three mandatory elements in a complaint: (1) a short statement of jurisdictional grounds; (2) a short statement of the claim; and (3) a demand for judgment for the relief sought. A Motion for More Definite Statement is appropriate only where a pleading is so vague that Defendants "cannot reasonably be required to frame a responsive pleading." Federal Rule 12 (e). Courts have generally held that granting of such a motion is inappropriate as to Plaintiff's standard FLSA complaints:

> Before 1948, district courts differed over whether defendants were entitled to have the Secretary's boiler plate Fair Labor Standards Act complaint amplified by allegations of the facts. .. But since the amendment of Rule 12 (e), this split of authority has largely disappeared. The only two courts of appeals that have considered the question have ruled that it is error to require the Secretary to augment his complaint by a more definite statement of the facts pertaining to the violations he has charged. ... The great majority of district courts have also accepted this interpretation of Rule 12 (e), and the leading commentators agree

5

that these decisions correctly implement the purpose of the rules. (citations omitted)

*Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).

These defendants stand in no need of additional facts to form a responsive pleading. They have no good faith basis whatsoever to deny that they have two or more employees regularly handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Defendants receive no remotely reasonable benefit from a complaint which would recite that these include New Jersey onions, California lettuce, and beef, pork, seafood, rice products, noodles, frogs' legs, quail, sugar cane, tofu, ginger, and water chestnut flour from elsewhere in the world. Defendant Le has only to look within his own kitchens, or at his own wine list, to satisfy himself that he has employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

Defendants likewise have no need for additional information to form a responsive pleading to the allegations that they violated the overtime and recordkeeping provisions of the FLSA. See 1, Nature of Case, *supra*.

## 4. MASSACHUSETTS LAW DOES NOT PREMPT THE FLSA

Defendants' apparent contention that the federal Fair Labor Standards Act is preempted by Massachusetts law is totally without any precedential support whatsoever.[3]

---

[3] There are cases which discuss whether or not the FLSA preempts state regulation in the field of wage protection. Generally, it does not. *Maccabees Mut. Life Ins. Co. v. Perez-Rosado*, 641 F.2d 45 (1st Cir. 1981); *Doctors Hospital, Inc. v. Silva Recio*, 558 F.2d 619 (1st Cir. 1977). The FLSA itself is explicit on this point, providing at 29 U.S.C. §218 (a) that:

> No provision of this Act ... shall excuse noncompliance with any ...State law...establishing a minimum wage higher than the minimum wage established under this Act or a maximum workweek lower than the maximum workweek established under this Act ....

See discussion at *Pacific Merchant Shipping Ass'n v. Aubrey*, 918 F.2d 1409, 1419-1420 (9th Cir. 1990).

Defendants cite not a single case holding or suggesting in any manner that the FLSA is, or can be, preempted by a state statute. Defendants suggest that *U.S. v. Lopez*, 115 S. Ct. 1624 (1995), heralds a likelihood that regulation of wages and hours of work will soon be found to have been among the "reserved powers" clause of the Tenth Amendment. A realistic reading of *Lopez* makes clear the exact opposite, pointing out that the power of the federal government to regulate under the Commerce Clause of the Constitution has been secure since *Gibbons v. Ogden*, 9 Wheat 1, 189-190, 6 L. Ed. 23 (1824). *Lopez, supra*, 115 S. Ct. at 1626-1627. *Lopez* examined FLSA cases such as *Darby*, and *Maryland v. Wirtz, supra*, providing no suggestion whatsoever of disapproval of those results. *Lopez* was decided nine years ago. Defendants cite no subsequent court opinion, no persuasive dissent, no scholarly commentary, which shares their unique perception that *Lopez* anticipates a change in the federal courts' continued upholding of this portion of the FLSA..

## **CONCLUSION**

The Court's jurisdiction over this case is established as a matter of black letter law. Defendants are in need of no additional information to evaluate whether or not they have two or more employees handling, selling or otherwise working on meat, fish, produce, wine, beer, tea, coffee, and spices that have been shipped into Massachusetts

7

from out-of-state. Defendants offer no support for their novel suggestion that Massachusetts law preempts the FLSA. Defendant's Motion should be denied.

Howard M. Radzely
Solicitor of Labor

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Bldg., Rm. E-375
Boston, MA 02203
TEL: 617-565-2500
FAX: 617-565-2142

Frank V. McDermott, Jr.
Regional Solicitor

John S. Casler
Deputy Regional Solicitor
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby do certify that I served the foregoing RESPONSE TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT on the 26th day of August, 2004, by placing one copy of same in a postage-paid envelope addressed to:

Paul L. Nevins, Esquire
47 Church Street
Wellesley, MA 02482-6326

the last known address, and depositing same in the United States Mail at Boston, Massachusetts.