UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,<br>    Plaintiff<br><br>v.<br><br>LE INC, LE & PHAM INC., LE CAFE INC., LE & T INC., PHO PASTEUR INC., and DUYEN LE,<br>    Defendants | CIVIL ACTION NO. 04-11310 NG |

## THE DEFENDANTS' ANSWER

Now come the defendants in the above-referenced action who answer the **Complaint** of Elaine L. Chao, Secretary of Labor, United States Department of Labor, as follows:

1. The defendants deny that jurisdiction has been conferred upon the Court by 29 U.S.C. § 217, or 28 U.S.C. § 1345 to adjudicate the claims presented.

2. The defendants admit the facts alleged in ¶ 2.

3. The defendants admit the facts alleged in ¶ 3.

4. The defendants admit the facts alleged in ¶ 4.

5. The defendants admit the facts alleged in ¶ 5.

6. The defendants admit the facts alleged in ¶ 6.

7. The defendants deny the facts alleged in ¶ 7 and call upon the plaintiff to prove its allegations.

2

8.    To the extent that ¶ 8 states a legal conclusion, no response is required. To the extent which the paragraph sets forth factual allegations, the defendants deny the facts alleged in ¶ 8 and call upon the plaintiff to prove its allegations.

9.    To the extent that ¶ 9 states a legal conclusion, no response is required. To the extent which the paragraph sets forth factual allegations, the defendants deny the facts alleged in ¶ 9 and call upon the plaintiff to prove its allegations.

10.    To the extent that ¶ 10 states a legal conclusion, no response is required. To the extent which the paragraph sets forth factual allegations, the defendants deny the facts alleged in ¶ 10 and call upon the plaintiff to prove its allegations.

11.    To the extent that ¶ 11 states a legal conclusion, no response is required. To the extent which the paragraph sets forth factual allegations, the defendants deny the facts alleged in ¶ 11 and call upon the plaintiff to prove its allegations.

12.    To the extent that ¶ 12 states a legal conclusion, no response is required. To the extent which the paragraph sets forth factual allegations, the defendants deny the facts alleged in ¶ 12 and call upon the plaintiff to prove its allegations.

13.    To the extent that ¶ 13 states a legal conclusion, no response is required. To the extent which the paragraph sets forth factual allegations, the defendants deny the facts alleged in ¶ 13 and call upon the plaintiff to prove its allegations.

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The plaintiff has an adequate remedy at law.

3

### Third Affirmative Defense

The plaintiff's claims are barred because it has failed to satisfy the necessary predicates for the Court to exercise its jurisdiction over the claims.

### Fourth Affirmative Defense

The plaintiff's claims are barred because the defendants are not engaged in commerce or in the production of goods for commerce.

### Fifth Affirmative Defense

The defendants operate their businesses solely intrastate.

### Sixth Affirmative Defense

The plaintiff's claims must fail because the defendants are the ultimate consumers of any goods that have been moved in or produced for commerce.

### Seventh Affirmative Defense

The plaintiff's claims must fail because the defendants are not an enterprise within the meaning of 29 U.S.C. § 203(s)(1).

### Eighth Affirmative Defense

The plaintiff's clams must fail because the plaintiff seeks to improperly enlarge the class of employers subject to the provisions of 29 U.S.C. § 201-*et seq.*

### Ninth Affirmative Defense

Because none of the employees of the defendants would have been subject to 29 U.S.C. § 201-*et seq.* before the 1961 amendments to 29 U.S.C. § 201-*et seq.*, none of the defendants' employees are covered, under those amendments, as fellow employees of previously-covered employees.

4

### Tenth Affirmative Defense

The plaintiff's claims must fail because the phrase "handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by a any person" is intended to apply only to employees who engaged in such activities before those goods went into interstate commerce.

### Eleventh Affirmative Defense

At all times relevant, the defendants, in good faith, relied upon the statutory exclusion of restaurant employees, as provided for under M.G.L. 151, § 1A(14).

### Twelfth Affirmative Defense

At all times relevant, the defendants have paid their employees the minimum wage provided for Massachusetts law.

### Thirteenth Affirmative Defense

None of the defendants' actions are wilful violations of 29 U.S.C. § 201-*et seq*.

### Fourteenth Affirmative Defense

The plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, the defendants demand that:

1. Judgment be entered against the plaintiff and in their favor.

2. This Court grant such other and further relief as it deems just and meet.

5

Respectfully submitted,

LE INC., ET AL

By their attorneys,

/s/ Paul L. Nevins
Paul L. Nevins
BBO No. 369930
47 Church Street
Wellesley, Massachusetts 02482
(781) 237-9018


Philip R. Olenick
BBO No. 378605
101 Tremont Street - Suite 801
Boston, Massachusetts 02108
(617) 357-5660


### Certificate of Service

The undersigned hereby certifies that, on October 27, 2004, served a true copy of the foregoing upon all parties by causing it to be sent, via first class mail, postage prepaid, to:

John S. Casler, Esquire
Deputy Regional Solicitor
**U.S. Department of Labor**
**Office of The Solicitor**
JFK Federal Building, Room E-375
Boston, MA 02203


/S/_____
Philip R. Olenick