**U.S. Department of Labor**

TEL: (617) 565-2500
FAX: (617)565-2142

Office of the Solicitor
John F. Kennedy Federal Building - Rm. E-375
Boston, Massachusetts 02203

Reply to the Attention of: SOL: JSC:tms
SOL# 04-37631-04-37635



June 29, 2005

Sarah A. Thornton, Clerk
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Suite 2300
Boston, MA  02210

Subject: Chao v. Le Inc., Le Pham Inc., Le Café Inc., Le & T Inc., Pho Pasteur Inc., and Duyen Le
Civil Action File No. 04-11310 NG

Dear Ms. Thornton:

Enclosed is a proposed Judgment signed by counsel for all parties, which we would propose for consideration by the Court as a resolution of the above-captioned matter.

Thank you for your continued corporation and courtesy.

Sincerely,

Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Deputy Regional Solicitor

Enclosures

*Working for America's Workforce*

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ELAINE L. CHAO Secretary of Labor,      *
United States Department of Labor,      *
                                        *
              Plaintiff,                *
                                        *           CIVIL ACTION
        v.                              *
                                        *           FILE NO. 04-11310 NG
LE INC., LE & PHAM INC.,                *
LE CAFE INC., LE & T INC.,              *
PHO PASTEUR INC., and DUYEN LE          *
                                        *
              Defendants.               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared by counsel, filed answer to the complaint, and agreed to the entry of this judgment.

It is, therefore,

ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners;

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

Further, the Court finding as agreed to by the defendants that employees are due compensation in the amount of $200,000 as shown on Exhibit "A", attached hereto, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation.

Defendants hereby represent that they have been in compliance with the Act since June 10, 2004 and that no compensation other than that set out in this judgment is due and owing any employees not named on Exhibit A for the period from June 10, 2004 to the date of entry of this judgment. In the event that additional compensation is found to be due defendants' employees not named in said Exhibit A, the defendants shall pay the additional compensation within thirty (30) days of being advised of such a back wage obligation. If the additional compensation is not paid, the plaintiff or the defendants' employees shall have the right to institute suit pursuant to 16(b), 16(c), or 17 of the Act for any violations which occurred from June 10, 2004 to the date of entry of this judgment and the defendants hereby waive their right to claim a statute of limitations defense under section 6(a) of the Portal-to-Portal Act of 1947, as amended, for the aforesaid period of employment.

The back wage provisions of this judgment shall be deemed satisfied when the defendants deliver to the persons designated on Exhibit A the respective sums set forth, less deductions for each employee's share of social security and withholding taxes, pursuant to the installment plan to be incorporated on said Exhibit, together with interest on the balances remaining during said period at the rate of 1% per annum:

    The defendants shall further provide plaintiff with a copy of the payroll or a copy of the checks used to disburse the back wages and a statement attesting to the fact that such payments have been made.

Any back wages which cannot be distributed to the employees, or to their estates if that be necessary because of inability of the parties to locate the proper persons, or because of such person's refusal to accept such sums, shall be paid, in net amount, to plaintiff. The employees' shares of social security and withholding taxes shall be paid to the appropriate authorities. When recovered wages have not been claimed by the employee within three years, the Secretary of Labor shall deposit the net wages with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States, pursuant to 28 USC 2041.

Defendants shall not, under any circumstances, accept and keep any amount returned to them by a person owed compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated _____, 2005.

_____
United States District Judge

Defendants hereby consent to
the entry of this judgment

By _____
Attorney for Defendants

Plaintiff moves for entry of
this judgment:

Howard M. Radzely
Solicitor of Labor
Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Deputy Regional Solicitor
BBO# 078060

U.S. Department of Labor
Attorneys for Plaintiff

3